```
UNITED STATES DISTRICT COURT                    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
DEWAYNE NESBITT,                                :
                                                :
                          Plaintiff,            :           MEMORANDUM
                                                :           AND ORDER
          - against -                           :
                                                :           05 CV 5513 (JG)
COUNTY OF NASSAU, POLICE OFFICER                :
BASTONE, Shield # 112, individually and as a    :
Nassau County Police Officer, Police Officers John :
Doe ## "1" through and including John Doe "10", :
                                                :
                          Defendants.           :
----------------------------------------------------------------- X
```

JOHN GLEESON, United States District Judge:

    Dewayne Nesbitt brought this action pursuant to 42 U.S.C. § 1983 ("section 1983") against, among others, the County of Nassau, "Police Officer Bastone," and various unnamed police officers. Nesbitt alleged violations of numerous provisions of the United States Constitution.[1] Nesbitt stipulated to the discontinuance of some of those claims.[2] He also stipulated to the removal of several defendants.[3] The remaining named defendants now move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Nesbitt's allegations of Sixth Amendment violations and allegations of municipal liability against the County of Nassau for failure to state

---

   [1]  The complaint seeks relief "for violations of [plaintiff's] first, fourth, fifth, sixth, eighth, ninth and fourteenth amendment rights as guaranteed by the United States Constitution and by the Privileges and Immunities Clause of the United States Constitution." Compl. ¶ 9.

   [2]  As noted in my order of April 18, 2006, Nesbitt withdrew his claims under the First, Eighth, and Ninth Amendments to the United States Constitution. Plaintiff also affirmed that he has pled no claims arising under state law.

   [3]  By stipulation of discontinuance "so ordered" by me on January 21, 2006, this action was discontinued as to former defendants Circuit City Stores, Inc., David Newall, and Miguel J. Contreras. In a letter to this Court, plaintiff's counsel further stipulated "to amend the caption removing the Nassau County Police Department" as a defendant. Letter of Patrick F. Young (March 14, 2006) at 1. I construe the letter of counsel for the Police Department requesting permission to file a motion to dismiss plaintiff's claims against the Department as indicating consent to this stipulation. See Letter of Sean R. Strockyj, Deputy County Attorney (March 13, 2006) at 1-2. On consent of the parties, that stipulation is now "so ordered" and the caption is amended accordingly.

a claim upon which relief can be granted. For the reasons stated below, the motion is granted in part and denied in part.

BACKGROUND

Nesbitt alleges that at 4:45 p.m. on August 24, 2004, he was listening to his car radio in a Circuit City parking lot when Police Officer Bastone arrested, handcuffed, and interrogated him in the presence of several other Nassau County police officers. Bastone and another officer also searched Nesbitt's car twice over his objection. Nesbitt asked Bastone "whether his actions were legal," to which Bastone replied that Nesbitt "'could sue' but his 'lawsuit would be thrown out.'" Compl. ¶ 16. Bastone and at least one other officer twice brought Nesbitt, still handcuffed, to the window of the Circuit City "for identification." *Id.* ¶ 17. Nesbitt was released at about 6:15 p.m.

Nesbitt claims that "[f]or many years, and continuing to date, the County of Nassau has maintained an official policy of negligent supervision and training of law enforcement officials which rises to the level of deliberate indifference to the constitutional rights of those within its domain." *Id.* ¶ 21. He alleges the "active inattention or knowing acquiescence" in this "policy" by "[h]igh level county officials." *Id.* He alleges that the actions of Bastone and the other officers were taken pursuant to this policy, with "actual malice and with the actual intent to inflict serious injury upon the plaintiff." *Id.* ¶ 22. As a result, Nesbitt claims, he suffered severe injuries.

STANDARD OF REVIEW

A motion to dismiss tests the legal, not the factual, sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a

complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)) (prior citations omitted)). Accordingly, I accept the factual allegations in Nesbitt's complaint as true, and draw all inferences in his favor. *See Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005), *cert. granted*, 126 S. Ct. 2965 (2006). Moreover, I may not grant the defendants' Rule 12(b)(6) motion unless it appears beyond doubt that the plaintiff can prove no set of facts that entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). On the other hand, a legally sufficient complaint must allege at least one set of facts that "confer[s] a judicially cognizable right of action." *York v. Ass'n of the Bar of New York*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002).

## DISCUSSION

Section 1983 provides a private cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting "under color" of law.[4] To properly plead a claim under the statute, a "plaintiff must allege

---

[4] The statute provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

that some person has deprived him of a federal right" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The defendants challenge, first, that Nesbitt fails to allege a deprivation of rights secured by the Sixth Amendment to the United States Constitution and, second, that the County of Nassau cannot be held liable for the individual officers' alleged deprivation of Nesbitt's rights.

A.     *Legal Sufficiency of the Sixth Amendment Claim*

Defendants argue that the facts as alleged fail to support a deprivation of Nesbitt's Sixth Amendment rights.[5] I agree. There being no trial at issue here, I infer that the particular Sixth Amendment right Nesbitt asserts is his right "to have the Assistance of Counsel for his defence."[6] The Sixth Amendment right to assistance of counsel is triggered when adversary judicial proceedings have commenced, "'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *United States v. Gouveia*, 467 U.S. 180, 187-88 (1984) (quoting *Kirby v. Illinois*, 406 U.S. 682, 688-89 (1972) (plurality)). I look to New York law to determine whether such proceedings had commenced against Nesbitt at or prior to the time of the offending conduct. *See Moore v. Illinois*, 434 U.S. 220, 228 (1977); *Meadows v. Kuhlmann*, 812 F.2d 72, 76-77 (2d Cir. 1987), *cert. denied*, 482 U.S. 915 (1987). In New York,

---

[5] Because the parties have not briefed the issue, I do not address whether the facts as alleged could support a claim for a deprivation of Nesbitt's rights under the Due Process Clause of the Fourteenth Amendment.

[6] The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

"a criminal proceeding, and with it the right to counsel, is initiated by the filing of an accusatory instrument." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 349 (2d Cir. 1998) (citing *People v. Blake*, 35 N.Y.2d 331, 339 (1974)); *see* N.Y. Crim. Proc. Law § 100.05 (McKinney 2005) ("A criminal action is commenced by the filing of an accusatory instrument with a criminal court . . . ."). Nesbitt fails to allege that any such instrument had been filed before the incidents alleged. From the complaint it merely appears that Nesbitt was arrested briefly and then let go. While Nesbitt does allege two "showups" at the Circuit City window, the right to counsel does not attach during investigatory showup procedures before the advent of formal charges. *See Kirby*, 406 U.S. at 690-91 (holding that post-arrest, pre-charge showup was not a "criminal prosecution" and thus no Sixth Amendment right to counsel attached); *accord United States v. Davis*, 399 F.2d 948, 952 (2d Cir. 1968), *cert. denied*, 393 U.S. 987 (1968).[7]

B.  *Legal Sufficiency of the Claim Against the County of Nassau*

In *Monell v. Department of Social Services*, 436 U.S. 658, 663 (1978), the Supreme Court overruled its prior holding in *Monroe v. Pape*, 365 U.S. 167 (1961), that local governments are immune to suit under section 1983. While vicarious liability still provides no basis for municipal liability after *Monell*, *see* 436 U.S. at 691, municipalities, being "persons" for section 1983 purposes, are liable for unconstitutional actions implementing or executing that

---

[7] Nesbitt's brief states, curiously, that "[w]ere the Court to dismiss plaintiff's claim of a violation to his right to counsel under the Sixth Amendment, he would still have a viable claim of a violation of his right to counsel under the Fifth Amendment." Memorandum of Law at 5. I disagree. The Fifth Amendment provides a limited right against the admissibility of incriminating statements obtained by the uncounseled custodial interrogation of a person who has not knowingly, intelligently, and voluntarily waived his right to counsel. *Miranda v. Arizona*, 384 U.S. 436 (1966). But "[t]he remedy for a violation of the right against self-incrimination is 'the exclusion from evidence of any ensuing self-incriminating statements' and 'not a § 1983 action.'" *Deshawne E.*, 156 F.3d at 346 (quoting *Neighbour v. Covert,* 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1174 (1996)). Accordingly, even had Nesbitt's complaint alleged a violation of his Fifth Amendment right to counsel, the complaint would fail to state a claim pursuant to section 1983 upon which relief can be granted.

municipality's "policy or custom." *Id.* at 694. "[T]o hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). The defendants contend that Nesbitt's complaint fails to properly allege the existence of an official policy or custom.

In their initial moving papers, the defendants cobbled together stray phrases from cases in this circuit in an attempt to frame the question presented as whether Nesbitt's allegation of the existence of a county policy is "impermissibly conclusory" and lacking in "specific factual allegations." Memorandum of Law in Support of the County Defendants' Partial Motion to Dismiss Pursuant to Federal Rule 12(b)(6) at 9. However, since the Supreme Court's opinion in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), the question has been framed differently. *Leatherman* struck down the "heightened pleading standard" adopted by many courts of appeal, which required factual detail and particularity for allegations of municipal liability under section 1983. 507 U.S. at 164. The Court held that allegations of *Monell* liability need only meet the notice pleading requirements of Fed. R. Civ. P. 8. *Id.* at 168.[8]

---

[8] Some district courts in this circuit have gone farther, concluding that *Leatherman* adopted the categorical rule that "'a claim of municipal liability under Section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Cooper v. Metro. Transp. Auth.*, No. 04 Civ. 525 LTS AJP, 2006 WL 1975936, at *3 (S.D.N.Y. July 14, 2006) (quoting *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988)) (collecting cases). I do not go so far, because the Court in *Leatherman* did not do so. The Court merely cited the Ninth Circuit rule in *Karim-Panahi* as an example of a split between the courts of appeal about "the applicability of a heightened pleading standard" for a *Monell* claim. *Leatherman*, 507 U.S. at 165. The Court went on to reject the requirement that a section 1983 plaintiff plead her *Monell* claim with "'factual detail and particularity,'" *id.* at 168 (quoting *Elliot v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985), but nowhere approved the proposition that a complaint could *always* go forward with a bare allegation of the kind approved in *Karim-Panahi*.

Defendants' initial moving papers relied upon *Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993), for two propositions. First, "[a] single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." 985 F.2d at 100. Second, "[t]he mere assertion . . . that a municipality has . . . a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Id.* These propositions do not frame the question of the sufficiency of the complaint as one of notice pleading. They require, irrespective of the notice given to the answering party, specific factual allegations beyond a single incident supporting the alleged existence of a custom or practice. *Leatherman* explicitly rejected just such a heightened pleading standard; I conclude that *Dwares* (decided a month earlier) was abrogated by that decision. Other courts have reached a similar conclusion. *See, e.g.*, *Simpkins v. Bellevue Hosp.*, 832 F. Supp. 69, 74 n.3 (S.D.N.Y. 1993) ("[T]he *Leatherman* opinion . . . appears to change the law in the Second Circuit which theretofore required dismissal of a complaint which merely asserted conclusorily the existence of a policy without allegations of fact beyond the single incident alleged in the complaint.").[9]

Defendants also rely upon *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995), decided post-*Leatherman*, which cited *Dwares* for the "mere assertion" proposition recited above. But *Zahra*, an appeal from a jury verdict, involved a question of factual, not legal, sufficiency. The quoted language from *Dwares* was taken only to emphasize that a mere assertion of a custom or policy is not sufficient to *persuade* a reasonable jury of the existence of

---

[9] To the extent that the courts in *Aguilera v. County of Nassau*, No. 05-CV-4002 (ADS)(ARL), 2006 U.S. Dist. LEXIS 14992 (E.D.N.Y. March 27, 2006), and *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 401 (S.D.N.Y. 2005), concluded otherwise, I disagree.

7

a municipal policy. *See id.* at 685 ("We find the record devoid of any evidence from which a reasonable juror could have inferred the existence of a municipal policy."). *Neighbour v. Covert*, 68 F.3d 1508, 1512 (2d Cir. 1995), (per curiam), *cert. denied*, 516 U.S. 1174 (1996), an appeal from a judgment entered after a bench trial, is distinguishable on the same grounds. *See id.* ("In this case, there was nothing *in the record* beyond the allegation that the Cooperstown Police Department failed to train its employees properly.") (emphasis added).

In their reply papers, defendants acknowledge that only notice pleading is required, but insist that the allegations in the complaint fail to provide it. I disagree.

The complaint alleges the existence of "an official policy of negligent supervision and training of law enforcement officials which rises to the level of deliberate indifference to the constitutional rights of those within its domain." Compl. ¶ 21. It further alleges that "[h]igh level county officials have personally participated in the maintenance of this policy by their active inattention to or knowing acquiescence in misconduct by law enforcement personnel." *Id.* The particular example cited is an arrest, assault, and search that Nesbitt allegedly endured, along with Officer Bastone's admonition -- when asked if the arrest was legal -- that Nesbitt "could sue" but any lawsuit Nesbitt filed "would be thrown out." *Id.* ¶ 16.

Such allegations constitute a short and plain statement that, if true and given certain reasonable inferences drawn from the allegations, would entitle Nesbitt to relief from the municipality. I infer from Bastone's statement (as I must) that he arrested Nesbitt without probable cause in the parking lot and wrongfully searched the car over Nesbitt's objection. I also infer (as I must) from Nesbitt's allegation of "active inattention to or knowing acquiescence in misconduct by law enforcement personnel" that County officers have executed similar

wrongful arrests and searches in the past. The existence of a pattern of wrongful arrests and searches, if proved, could conceivably support a *Monell* claim on a theory of failure to train or supervise. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (deliberately indifferent failure of a municipality to train or supervise its employees yields enterprise liability for the foreseeable constitutional violations of the employees); *Batista*, 702 F.2d at 397 (persistent failure to discipline subordinates who violate civil rights can lead to the inference of unlawful municipal policy).

Granted, the allegations of the existence of an official policy are not buttressed, in the complaint, by supporting facts. For example, the complaint cites no instances of misconduct beyond the actions involving Nesbitt. But "[t]he complaint . . . need not 'set out in detail the facts upon which' the claim is based." *Twombly*, 425 F.3d at 107 (quoting *Conley*, 355 U.S. at 47). It is up to the "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.* 534 U.S. 506, 512 (2002); *see also Leatherman*, 507 U.S. at 168-69.

Moreover, that an allegation is partly conclusory does not warrant dismissal when the County has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 474. The Second Circuit has defined "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation marks omitted). From the allegations stated, the County can affirm or deny the allegation of "active inattention or knowing acquiescence" in misconduct of the kind Nesbitt alleges occurred by, for example, assessing

9

whether other such examples have occurred with any degree of frequency. It can identify whether Nesbitt has alleged similar misconduct in other cases, in order to apply the defense of res judicata. It can prepare for trial on the failure to train and negligent supervision claims. Nesbitt's complaint is therefore legally sufficient under Rule 8.

## CONCLUSION

For the foregoing reasons, I grant the defendants' motion to dismiss Nesbitt's Sixth Amendment claim and deny the motion to dismiss Nesbitt's claims for municipal liability against the County of Nassau.

So ordered.


John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
      December 6, 2006